STATE OF MISSOURI EX REL. MODERN WOODMEN OF AMERICA, RELATOR, v. SAM WILCOX, JUDGE OF THE BUCHANAN COUNTY CIRCUIT COURT, RESPONDENT.—84 S. W. (2d) 678.

Kansas City Court of Appeals. June 3, 1935.

*Mayer, Conkling & Sprague* for relator.

*Randolph & Randolph, Nile L. Vermillion, William R. Ross* and *Horace Guffin* for respondent.

Prohibition.

SHAIN, P. J.—On October 22, 1934, a petition for writ of prohibition was filed in this court in this cause and on said date HOPKINS B. SHAIN, presiding judge of this court, issued provisional writ of prohibition.

On November 2, 1934, and in due time, the respondent filed his return. On November 10, 1934, and in due time, the relator filed demurrer and motion for judgment on the pleadings.

On the pleadings thus made up, a hearing was had at the March term, 1935, of this court.

To an understanding of the issue presented, we deem the statement of the following facts necessary.

The relator is a fraternal benefit association incorporated under the laws of Illinois and with principal offices in that State. The relator has met the requirements of the laws of this State and is legally authorized to do business in this State. The relator has local lodges or camps in the State of Missouri and benefit certificates are issued to its members in Missouri in conformity with the constitution and by-laws of said mutual benefit association.

At the October term, 1933, of the Circuit Court of Buchanan County, Missouri, one Snora Brockett, a citizen and resident of the State of Kansas, filed suit against the relator. The said Snora Brockett in her petition alleges that she is the widow of White Brockett, who died February 18, 1933, while domiciled in the State of Kansas. It is further alleged that White Brockett, on December 22, 1905, became a member of defendant association and that the defendant, relator herein, issued to said White Brockett its beneficiary certificate whereby it promised to pay to the said Snora Brockett, upon the death of her husband, the said White Brockett,

the sum of $1,000. The said Snora Brockett in her petition pleaded the death of said White Brockett and also pleaded due performance of requisites for recovery and prays judgment for $1,000 and interest.

It appears from the benefit certificate filed with the petition that application for the said certificate was made in the State of Kansas; that the contract was executed in the State of Kansas and that the local camp or lodge of which White Brockett was a member was located in the State of Kansas. As before stated, Snora Brockett, at the time suit was brought in Missouri and at all times mentioned in the petition, was a citizen of the State of Kansas.

Process was issued out of the Circuit Court of Buchanan County, Missouri, and the sheriff's return thereon was in words and figures as follows:

### "Sheriff's Return.

"Executed the within writ and petition in the County of Buchanan, on the 27th day of July, A. D. 1933, by delivering a true copy of the writ and petition to Harold Niedorp, an agent of the defendant corporation found in my county, defendant being a corporation organized under the laws of another state but doing business in this State and having no office or place of business in this State where service may be obtained.

"OTTO THEISEN,
"Sheriff.
"CHAS. WILSON,
"Deputy."

The relator in its petition herein makes contention that the service, as shown by the above return, is not legal service and that under the process and service the Circuit Court of Buchanan County has acquired no jurisdiction to hear and determine the cause of action.

There are such incongruities in the statutory laws of Missouri concerning service of process, as the appellate courts are frequently confronted with questions concerning due process.

To an understanding of the issue presented, it becomes necessary to give consideration to several sections of our statutes.

Prior to 1891, we had no provision in this State permitting citizens of another state, whose cause of action accrued in another state, to sue in this State. In 1891 the Legislature enacted what is now Section 705, Revised Statutes of Missouri, 1929, which is as follows:

"Sec. 705. Parties to suit when cause of action accrues in another state. . . . Whenever a cause of action has accrued under or by virtue of the laws of any other state or territory, such cause of action may be brought in any of the courts of this State, by the person or persons entitled to the proceeds of such cause of action:

PROVIDED, such person or persons shall be authorized to bring such action by the laws of the state or territory where the cause of action accrued. [R. S. 1929, par. 1162.]''

In 1907 the Legislature of Missouri enacted the fourth subdivision of what is now Section 728, Article 4 of Chapter 5, Revised Statutes of Missouri, 1929, entitled ''Commencement of Actions and Service of Writs and Notices,'' which reads as follows:

''. . . fourth, where the defendant is a corporation or joint stock company, organized under the laws of any other state or country, and having an office and doing business in this State, by delivering a copy of the writ and petition to any officer or agent of such corporation or company in charge of any office or place of business, or if it have no office or place of business, then to any officer, agent or employee in any county where such service may be obtained and when had in conformity with this subdivision, shall be deemed personal service against such corporation and authorize the rendition of a general judgment against it.''

In 1911 the Legislature of Missouri enacted what is now Section 6006, Article 13 of Chapter 37, Revised Statutes of Missouri, 1929, which said section reads in part as follows:

''Service of process on fraternal beneficiary associations. . . . Each such association now doing or hereafter admitted to do business within this State and not having its principal office in this State, and not having organized under the laws of this State, shall appoint, in writing, the superintendent of the insurance department and his successors in office to be its true and lawful attorney, and upon whom all lawful process in any action or proceeding against it may be served, and in such writing agree that any lawful process against it which is served on said attorney shall be of the same legal force and validity as if served upon the association, and that the authority shall continue in force so long as any liability remains outstanding in this State.''

In 1885 the Legislature of Missouri enacted what is now Revised Statutes of Missouri, 1929, Section 5894, Chapter 37 of article 10. It will be noted that the language as to manner of securing service, as provided in Section 5894 and Section 6006, is almost identical.

The relator herein insists that service on it must be had under the provisions of Section 6006, supra, in order to confer jurisdiction on the court. The respondent herein insists that proper service must be had under the provisions of Section 728, supra. Thus is presented the issue to be determined by this court.

As to the matter of process, foreign fraternal beneficiary associations that appoint the superintendent of insurance as its agent to accept process is a constructive resident of every county in the State and, under the provisions of the law of this State, are on the same

basis as to process as are foreign insurance companies complying with the provisions of Section 5894. [Rodgers v. National Council, 172 Mo. App. 710.]

The construction of Section 5894, supra, was before the Supreme Court of Missouri in State ex rel. Insurance Co. v. Landwehr, 318 Mo. 181.

In the Landwehr case it is held that the provisions of Section 5894 were exclusive to the citizens of this State and that a citizen of another state, who holds policies issued by the insurance company in such other state, could not secure service on the foreign insurance company, authorized to do business in this State, by serving process upon the superintendent of insurance in this State.

In the Landwehr case the rights of citizens of other states to bring suit in this State under the provisions of Section 705, Revised Statutes of Missouri, 1929, is recognized. However, as a prerequisite to such action, service must be had upon some authorized agent of the defendant that is found in this State.

The Landwehr opinion overrules the earlier cases of State ex rel. v. Grimm, 239 Mo. 135, 143 S. W. 483, and Gold Issue Mining & Milling Co. v. Fire Insurance Co., 267 Mo. 524.

The law as declared in the Landwehr case, we conclude, has not been overruled by any later opinion of the Supreme Court.

We conclude that the law as declared in the Landwehr case, supra, wherein Section 5894 of Revised Statutes 1929 is construed, applies to the construction to be placed upon Section 6006, Revised Statutes 1929.

We conclude, therefore, that a citizen of another state, suing on a benefit certificate where the business was entirely transacted in said other state, cannot secure service on a mutual benefit association, that has complied with the provisions of Section 6006, supra, by serving process upon the superintendent of insurance of this State.

The question arises as to whether the relator has any such authorized agents in Missouri as can be legally served with process by a foreign citizen suing in this State upon a contract entered into and executed by the relator in said foreign state. In other words, is service upon Harold Niedorp, designated as agent of relator, sufficient to confer jurisdiction on the circuit court? It is certain that such service had by a citizen of this State would not confer jurisdiction.

It is admitted that Harold Niedorp is a local camp clerk of a lodge or camp of the relator association located in Missouri.

We now come to a question of first impression in this State, in so far as our investigation goes.

The sheriff's return states that Harold Niedorp is an agent of the relator found in his county. Is this assertion on the part of

the officer conclusive? If so, then any citizen of a foreign state, suing upon a certificate contracted for and executed in the foreign state, can confer jurisdiction if the serving officer declares that the person served is an agent of the association sued.

Our provision for a foreign citizen suing upon foreign contract is limited to the foreign citizen serving process on someone in our State authorized to be served with process.

While we find no Missouri case direct in point, we are impressed with the language and ruling in Thompson v. National Insurance Co., 29 Fed. (2d) 877. In the above case similar conditions as are presented in this case were involved. In the above case, the plaintiff had served process on the Insurance Commissioner of Missouri and evidently running upon the Landwehr case, supra, had thereafter secured process on local agent of the insurance company. The Federal Court of the Western District of Missouri said:

"It must be conceded that the only mode by which a foreign insurance company can be served with process in this State is by the method provided for in said Section 7042 (now Section 6310, Revised Statutes of Missouri, 1919)."

Said section is now Section 5894 of Revised Statutes of Missouri, 1929.

Section 705 and Section 728, Revised Statutes of Missouri, 1929, were passed to meet the needs of then existing conditions. The passage of later laws Sections 5894 and 6006, supra, apparently provide an exclusive method for service on both old line and fraternal insurance companies.

The evidence in this case clearly shows that the relator herein operates in the State of Kansas, where the contract sued upon was executed and where plaintiff resides, and we see no reason for extending rights of service to a citizen of another state that are denied to a citizen of this State.

Based upon the reasoning in the Landwehr case, supra, and also the opinion by the Federal Court, Thompson v. National Life Ins. Co., supra, we conclude that the service shown by the return of the Sheriff of Buchanan County, Missouri, confers no jurisdiction on the circuit court of that county to hear and determine the issues as presented in the suit by the citizen of Kansas against the relator herein.

It follows that our provisional rule should be made absolute. It is so ordered. All concur.