STATE OF MISSOURI AT THE RELATION OF LIBERTY LIFE INSURANCE Co., APPELLANT, v. FORREST G. MASTERSON, JUSTICE OF THE PEACE, ETC., ET AL., RESPONDENTS.—95 S. W. (2d) 864.

Kansas City Court of Appeals. June 15, 1936.

*Otis A. Allen* and *Henderson & Deacy* for appellant.

*John J. Cosgrove* for respondent.

SHAIN, P. J.—This is an appeal from a judgment of the Circuit Court of Jackson County, Missouri, denying prohibition and dissolving temporary writ issued to Forrest G. Masterson, a regular Justice of the Peace in and for Fort Osage Township, Jackson County, Missouri, and one Claude A. Smisor.

It appears that the Liberty Insurance Company, appellant herein, on January 30, 1923, issued a policy of insurance to Claude A. Smisor, a respondent herein. It appears that said Smisor on November 24, 1934, instituted a suit in the Justice Court of aforesaid Justice of the Peace, Forrest G. Masterson, against said insurance company, and that service was had on the Superintendent of Insurance of Missouri. The alleged purpose of said suit was to collect $287.50 and interest claimed to be due Smisor on aforesaid contract of insurance. On November 26, 1934, the appellant herein filed a prohibition petition in the Circuit Court of Jackson County, Missouri, against Forrest G. Masterson, Justice of the Peace aforesaid, and Claude A. Smisor, respondents herein. The alleged grounds and purposes of said suit are expressed in the petition as follows:

"That the defendant, Forrest G. Masterson, as justice of the peace, is attempting to assume and exercise jurisdiction of said alleged cause of action. That the only attempted service of summons had upon the said plaintiff was through the superintendent of insurance of the State of Missouri. That said service is void and said justice of the peace has no actual jurisdiction to try said cause.

"That the defendant Smisor has filed the said action in violation of the Laws of Missouri, for the purpose of harassing, vexing and annoying said plaintiff in an attempt to force a compromise settlement of his alleged claim."

The aforesaid circuit court issued an alternative writ and cited the respondents herein to appear and show cause why permanent writ should not be issued. Thereafter the issues were made up and court procedure had resulting in a judgment of the circuit court refusing a permanent writ and dissolving the temporary writ issued. From this judgment the Liberty Life Insurance Company duly appealed.

## Opinion.

The solution of the question raised in this appeal rests in the construction to be given of what is at present section 5894, Revised Statutes, Missouri 1929.

The appellant contends that:

"Forrest G. Masterson, Justice of the Peace in and for Fort Osage Township, Jackson County, Missouri, Respondent Herein, Had No Jurisdiction under the Missouri Law to Proceed in the Cause Filed and Prosecuted Before Him by Claude A. Smisor, Respondent, Since the Policy of Insurance Involved Was Not Made in This State and Was Issued by a Foreign Insurance Company to a Non-resident of the State of Missouri."

The respondents contend that:

"The trial court properly rendered judgment against the Liberty Life Insurance Company in setting aside the temporary writ of prohibition and in denying to grant a permanent writ of prohibition for the reason that the policy sued on was a policy outstanding in the State of Missouri."

The case was presented in the circuit court on an agreed statement of facts. We state the material facts, applicable to the real issue presented, which are admitted to be as follows:

The insurance company is a Kansas corporation and, at the time of the issuance of the policy in question, was not licensed to do business in Missouri. The insured at the time the policy was issued was a citizen of Kansas and the policy was fully executed in the State of Kansas. After the insurance contract was executed, the insured moved to the State of Missouri and was a resident of the State of Missouri when he instituted the suit in the justice court. It is further admitted that after the contract of insurance was executed the insurance company fully complied with the law of Missouri and was licensed to do business in Missouri at the time the insured instituted the suit in issue.

It stands admitted that process of service was had upon the superintendent of insurance of Missouri, but the insurance company contends that same was void because contract was entered into and fully executed in the State of Kansas when insured was a citizen of Kansas and the insurance company was a Kansas corporation not entitled to do an insurance business in the State of Missouri. The insured contends that the policy sued on was, at the time the suit was instituted, a policy outstanding in the State of Missouri and that there was a right of action in the State of Missouri and that service on superintendent of insurance was valid service giving the justice of the peace not only jurisdiction of the subject-matter but of the parties to the suit as well.

It is interesting to note that each party to this action cites authority for the positions taken in the case of State v. Landwehr, 318 Mo. 181, 300 S. W. 294.

The situation in the Landwehr case, supra, is as follows: The insurance company involved in that case was licensed to do business in Missouri. However, the company also did business in Kansas and the insured, a resident of Kansas when the contract was executed, continued to reside in Kansas until his death. Further, the beneficiary in said policy also resided in Kansas at the time the suit was filed in the circuit court in Missouri. This court handed down an opinion, State ex rel. Modern Woodmen v. Wilcox, 84 S. W. (2d) 678, wherein the construction of section 5894, Revised Statutes, Missouri 1929, was necessary. Our conclusion in said case was primarily based upon our construction of the Supreme Court's opinion in State v. Landwehr, and in our opinion l. c. 680, we say:

"The construction of section 5894, supra, was before the Supreme Court of Missouri in State ex rel. Insurance Co. v. Landwehr, 318 Mo. 181, 300 S. W. 294.

"In the Landwehr case it is held that the provisions of section 5894 were exclusive to the citizens of this state, and that a citizen of another state, who holds policies issued by the insurance company in such other state, could not secure service on the foreign insurance company, authorized to do business in this state, by serving process upon the superintendent of insurance of this state."

We still hold to the conclusion as above stated. The premises upon which the conclusion is reached in the Landwehr case are not present in the case at bar. Smisor, one of the respondents herein, who brought the suit wherein the appellant herein was defendant, the same being the suit in question in this prohibition proceeding, was and is a resident of the State of Missouri and the appellant herein was and is licensed to do business in the State of Missouri and at the time this suit was brought was, in so far as process brought by a citizen of Missouri is concerned, a resident of every township in Missouri.

We conclude that the courts of Missouri are vested with jurisdiction to hear and determine questions arising on insurance contracts, contracted in or out of the State of Missouri, if suit is brought by a citizen of this State against an insurance company authorized to do business in this State. We conclude further that in such an instance service of the superintendent of insurance in this State is valid service and gives to the court out of which process was issued jurisdiction, in such a suit, of the insurance company so served.

For the reasons stated, the judgment of the circuit court refusing permanent writ and dissolving temporary writ is affirmed. All concur.